IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-276-BO

| | | |
|---|---|---|
| THE HANOVER INSURANCE COMPANY, Plaintiff, | ) ) ) ) | |
| v. | ) ) | O R D E R |
| CAPE FEAR PAVING, LLC , *et al.*, Defendants. | ) ) ) ) | |

This matter is before the Court on defendant Theresa Graham's motion for a referral to the United States Bankruptcy Court for the Eastern District of North Carolina. [DE 24]. Plaintiff has responded and the matter is ripe for ruling. For the following reasons, defendant's motion is DENIED.

## BACKGROUND

On November 24, 2014, plaintiff Hanover Insurance Company (Hanover) filed a complaint for indemnity and equitable relief asserting claims against Cape Fear Paving, LLC (Cape Fear Paving), Mast Development, LLC (Mast) and Ms. Theresa Graham (Graham). The complaint is based upon two indemnity agreements in favor of Hanover dated August 26, 2005, and August 9, 2011. The 2005 indemnity agreement was executed by Cape Fear Paving, Mast, Graham, James Keith Stark (Stark), B&K Coastal, LLC (B&K), Riverfront Company, LLC (Riverfront), and Malmo Asphalt Plant, LLC (Malmo Asphalt). The 2011 indemnity agreement was executed by Cape Fear Paving, Stark, B&K, Malmo Asphalt, and Riverfront. On November 9, 2011, and August 20, 2013, respectively, B&K and Stark filed separate petitions seeking relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern

District of North Carolina. Hanover has filed proofs of claim in both bankruptcy cases. Each proof of claim is based upon the 2005 indemnity agreement, the 2011 indemnity agreement, and Hanover's common law right of indemnification, and each asserts a claim in the amount of approximately $1.5 million with a liquidated amount of approximately $100,000.00.

Mast filed a proof of claim in the B&K bankruptcy case based upon two notes under which approximately $2 million is allegedly due and owing. This proof of claim did not mention either the 2005 or 2011 indemnity agreement or any contribution action against B&K and Stark. Graham filed a proof of claim in the Stark bankruptcy case based upon her complaint against Stark in the New Hanover County District Court. This claim is filed in an unknown amount, and does not mention the 2005 or 2011indemnity agreement or any contribution action against B&K and Stark. Graham subsequently filed the instant motion seeking a referral to Bankruptcy Court.

## DISCUSSION

This Court has original jurisdiction over bankruptcy matters and those proceedings related to them. 28 U.S.C. §§ 1334(a), (b). Pursuant to 28 U.S.C. § 151, a bankruptcy court may exercise the district court's subject matter jurisdiction over bankruptcy proceedings and cases referred by the district court. The subject matter jurisdiction of bankruptcy courts is bifurcated into core and non-core proceedings. Core proceedings either arise under the Bankruptcy Code or arise in a case under the Bankruptcy Code. 28 U.S.C. § 157(b)(1). Non-core proceedings are proceedings that are otherwise related to the bankruptcy case. § 157(a)(2)(c). A bankruptcy court may issue a final judgment on a core proceeding, which is subject to appellate review by a district court, but a bankruptcy court may only issue proposed findings of fact and conclusions of law in a non-core proceeding, which are subject to *de novo* review by the district court. *Executive Benefits Ins. Agency v. Arkinson*, 134 S. Ct. 2165, 2171–72 (2014).

A proceeding is a core proceeding "if it invokes a substantive right provided by title 11 or if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987). A proceeding arising under the bankruptcy code "involve[s] a cause of action created or determined by a statutory provision of title 11," while proceedings arising in a bankruptcy are those that "would have no existence outside of bankruptcy." *Id.* at 96–97. This is an indemnity complaint that is in federal court only on the basis of diversity of citizenship. None of the counts in the complaint nor the defenses alleged in the answers are created by the Bankruptcy Code. This indemnity case could have been brought in state court as a stand-alone claim absent the diversity of citizenship between the parties. Because this indemnity action against a non-debtor indemnitor does not involve a right created by the Bankruptcy Code and could exist outside of a bankruptcy case, the Court finds that it is not a core proceeding.

A proceeding is related to a bankruptcy case when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor Inc. v. Higgins*, 743 F.2d 987, 994 (3d Cir. 1984) *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 124–25 (1995). The Fourth Circuit adopted the *Pacor* test for determining "related to" jurisdiction in *Spartan Mills v. Bank of Am. Ill.*, 112 F.3d 1251 (4th Cir.), *cert. denied*, 522 U.S. 969 (1997). If the outcome of the proceeding "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and [the proceeding] in any way impacts upon the handling and administration of the bankrupt estate," the district court, and derivatively the bankruptcy court, has jurisdiction. *Spartan Mills*, 112 F.3d at 1255–56.

3

This proceeding is not connected to either the B&K or Stark bankruptcy estate, does not involve either B&K or Stark, and does not affect the amount of property in either estate. Both the 2005 and 2011 indemnity agreements provide that the indemnitors are jointly and severally liable for the losses incurred by Hanover. Accordingly, Hanover had the ability to sue any, all, or none of the parties who executed the 2005 and 2011 indemnity agreements. As in *Pacor*, however, there is no contractual indemnification provision that would cause an automatic indemnification claim by any of the defendants against either B&K or Stark. *Pacor*, 743 F.2d at 995. Such a provision might be sufficient to confer related to jurisdiction on the bankruptcy court. *See, e.g., In re Brentano's*, 27 B.R. 90, 91 (Bankr. S.D.N.Y 1983); *Pacor*, 743 F.2d at 995 (implying that automatic creation of liability via a contractual indemnification provision might be sufficient to create jurisdiction). In this case, however, there would be no automatic creation of liability against either B&K or Stark if any of the defendants were found liable in this case. While the defendants here may have contingent rights of contribution against B&K and/or Stark, they are not analogous to the automatic contractual indemnification rights of the non-debtor defendant in *Brentano's*. Such an action would be contingent upon a finding of liability in the instant proceeding. Therefore, this proceeding is not related to either bankruptcy case.

This proceeding does not arise under the bankruptcy code or in either the Stark or B&K bankruptcy case because it is not dependent on the bankruptcy code and can exist independently of a bankruptcy case. It is not related to either bankruptcy case because it does not involve either Stark or B&K, will have no effect on the total liabilities of either bankruptcy estate, and does not involve contractually automatic contribution actions. Accordingly, the Bankruptcy Court lacks subject matter jurisdiction and defendant's motion to transfer is denied.

## CONCLUSION

For the foregoing reasons, Graham's motion to transfer to bankruptcy court [DE 24] is denied.

SO ORDERED, this 5 day of May, 2015.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE