IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-276-BO

| | | |
|---|---|---|
| THE HANOVER INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CAPE FEAR PAVING, LLC, | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion for entry of default judgment. [DE 70]. For the reasons discussed below, plaintiff's motion is granted.

## BACKGROUND

Plaintiff filed this action against defendant Cape Fear Paving, LLC ("Cape Fear" or "defendant") and other defendants on November 24, 2014, seeking specific performance against Cape Fear, damages against Cape Fear for breach of an indemnity agreement, specific performance as to other defendants, damages against other defendants for breach of an indemnity agreement, and a common law right of indemnification. [DE 1]. Service was made on Cape Fear on December 11, 2014. [DE 6]. On January 8, 2015, plaintiff moved for an entry of default against Cape Fear for failure to appear or otherwise defend. [DE 14]. Shortly thereafter, attorney Kyle J. Nutt appeared for Cape Fear. [DE 16]. Cape Fear, through counsel, made several filings, including an answer. [DE 26]. However, on September 28, 2015, the Court granted Kyle J. Nutt's motion to withdraw as attorney. [DE 49]. In the Order, the Court ordered Cape Fear to retain counsel to enter a notice of appearance by October 28, 2015. *Id.* The order also warned Cape Fear: "**Failure to retain counsel can result in entry of default judgment against a**

**defendant granting all the relief plaintiff seeks.**" *Id.* (bold in original). Nevertheless, no notice of appearance was made by the assigned date.

On November 6, 2015, the Court directed plaintiff to file for an entry of default. [DE 58]. Plaintiff did so on November 9, 2015. [DE 59]. This motion was served on Cape Fear's registered agent, J. Keith Stark, by U.S. mail. *Id.* The clerk entered an order granting the motion for entry of default on January 7, 2016.[1] [DE 62]. Plaintiff amended the complaint on January 22, 2016. [DE 64]. A copy of the amended complaint was served on Cape Fear's registered agent, J. Keith Stark, by U.S. mail. *Id.* On March 28, 2016, plaintiff moved for default judgment against Cape Fear. [DE 70]. The instant motion, which was predicated on and directly referenced the clerk's earlier entry of default, was served on Cape Fear's registered agent, J. Keith Stark, by U.S. mail. [DE 70, 71]. In the intervening months, Cape Fear has not appeared or defended in any way.

## DISCUSSION

Though there is a preference to resolve disputes on the merits, default judgment is appropriate as against Cape Fear, against whom default has been entered and notice has been given of plaintiffs' motion for default judgment. Fed. R. Civ. P. 55(b)(2). Cape Fear has failed to appear in this action since counsel was permitted to withdraw. Default judgment is appropriate "when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp.2d 418, 421 (D.Md. 2005). Cape Fear has not moved to set aside entry of default or made any response to the motion for default judgment.

By its default, Cape Fear has admitted the facts alleged in plaintiffs' well-pleaded complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Plaintiff's

---

[1] On July 28, 2016, the Court directed the clerk to provide Cape Fear notice of this entry to default and gave Cape Fear up to and including August 10, 2016, to respond should it so choose. [DE 72]. No response was made.

2

well-pleaded facts include the terms of the pertinent Indemnity Agreement, which establishes: (1) that the indemnitors, including Cape Fear, indemnify surety (plaintiff) as to "loss, interest, court costs and consultant and attorney fees"; (2) that "[v]ouchers or other evidence of payment by the Surety [plaintiff] shall be conclusive evidence of the fact and amount of such liability, necessity, or expediency and of the Indemnitors' liability to the Surety therefor"; and (3) that the indemnity agreement "applies to bonds written by the Surety [plaintiff] at the request of or on behalf of the Indemnitors...jointly, severally, or in any combination with each other . . . ." [DE 1-1, 1-2, 64-2, 64-3]. This information coupled with the affidavit of Thomas Moses, hereby considered a "voucher or other evidence of payment" that constitutes "conclusive evidence of the fact and amount of such liability" per the terms of the indemnity agreement, establish that plaintiff has sustained net, aggregate losses and expenses in the amount of $700,716.42, for which the indemnitors, including Cape Fear, are jointly and severally obligated to indemnify plaintiff under the terms of the Indemnity Agreement. Accordingly, plaintiff's request for entry of default judgment in the amount of $700,716.42 as to Cape Fear is granted.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for default judgment against Cape Fear is GRANTED. [DE 70]. Accordingly, judgment shall be entered against Cape Fear in the amount of $700,716.42. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961(a). As Cape Fear is the last remaining defendant in the action, the clerk is DIRECTED to close the case.

SO ORDERED, this __11__ day of August, 2016.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3